```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

         Plaintiff,

v.                                    Case No:  2:24-cv-197-JES-NPM

MARK GLASS, in his official
capacity as Commissioner of
FDLE,

         Defendant.
```

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Third Amended Complaint (Doc. #78) filed on December 3, 2024. Plaintiff filed a Successive Motion for Summary Judgment (Doc. #81) on December 23, 2024, that was construed and accepted as a response to the motion. (Doc. #86.) For the reasons set forth below, the motion to dismiss is granted in part and the case is dismissed.

**I.**

In 2008, plaintiff Louis Matthew Clements (Clements or plaintiff) pled guilty pursuant to a plea agreement and was convicted of lewd and lascivious conduct with a minor female in violation of Fla. Stat. § 800.04(6), a second-degree felony. (Doc. #75, ¶ 60.) Clements was 37 years old at the time (Id. at 36) and was sentenced to 5 years of probation, which he completed in 2013.

(Id. at 60-61.) As a result of this conviction, Plaintiff was and continues to be subject to the lifetime requirement of registration and residency restrictions as a sex offender. (Id. at 61.)

Plaintiff's Third Amended Complaint for Declaratory and Injunctive Relief Challenging FL.S. § 943.0435, FL. S. § 775.21, and FL. S. § 800.04(6) (Doc. #75) is the operative pleading. The first statute requires sexual offenders to register with the Department of Law Enforcement[1]; the second statute is The Florida Sexual Predators Act (FSPA); and the third statute makes lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age a felony criminal offense.

Plaintiff challenges the constitutionality of Florida's Sex Offender Registry, arguing that he was deprived of his rights under the Fourteenth Amendment. Plaintiff asserts that the State of Florida allows sex between some adults and minors without risking a criminal conviction, while other adults are convicted and forced to register under Florida's Sexual Offender Registration and Notification Act (SORNA) for such conduct. For example, plaintiff relies on Fla. Stat. § 741.04, which allows a person of at least 17 years of age, with written consent of parent or legal guardian,

---

[1] "The Sex Offender Act requires any sex offender to register with the local sheriff's office within 48 hours of their release from custody or relocation to a permanent or temporary residence in Florida. Fla. Stat. § 943.0435(2)." Doe v. Moore, 410 F.3d 1337, 1340 (11th Cir. 2005).

2

to obtain a marriage license. Additionally, plaintiff alleges that some persons are prosecuted but allowed off the registry early, and those 23 years old and younger may have sex with a 16- or 17-year-old pursuant to Fla. Stat. § 794.05. Plaintiff alleges this violates his equal protection rights. Plaintiff also alleges that the State of Florida "conspired to convict" him under an unconstitutional statute.

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts a violation of his due process rights, which he argues makes the statute of conviction as applied to him unconstitutional. Plaintiff also asserts a violation of the Equal Protection Clause because "[a]ll adults having sex with minors must be held accountable in the same way" and not all adults having sex with minors are forced to register. Plaintiff seeks a declaratory judgment and injunctive relief.

Defendant's motion to dismiss argues that: (1) the Court lacks subject matter jurisdiction under the Rooker[2]-Feldman[3] doctrine; (2) the claims are time-barred; and (3) the Third Amended Complaint fails to state a claim under Section 1983 or for declaratory or injunctive relief. Plaintiff responds that Rooker-Feldman does not apply, there is no statute of limitations that governs this

---

[2] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[3] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

action, and there is no bar to declaratory or injunctive relief. (Doc. #81 at 9.)

**II.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if a court lacks subject matter jurisdiction, whether as a 'facial' or 'factual' challenge. "In a facial challenge, a court must consider the allegations of the plaintiff's complaint as true and merely 'look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.' [] By contrast, a factual attack challenges 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Efron v. Candelario, 110 F.4th 1229, 1235 n.5 (11th Cir. 2024) (internal citations omitted).

A Rule 12(b)(6) motion to dismiss, on the other hand, is normally more restrictive as to what a Court may consider. Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

4

face.' [] And factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." M.H. On behalf of C.H. v. Omegle.com LLC, 122 F.4th 1266, 1275-76 (11th Cir. 2024) (internal citations omitted).

In deciding whether a complaint states a claim upon which relief may be granted, a district court considers the factual allegations in the complaint and exhibits attached to the complaint or incorporated into the complaint by reference. MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1303 (11th Cir. 2022) (citation omitted); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A Court may also consider evidence outside the complaint if the evidence satisfies the incorporation-by-reference doctrine or is properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Swinford v. Santos, 121 F.4th 179, 187-88 (11th Cir. 2024). Under the incorporation-by-reference doctrine, extrinsic material that is referred to in the operative complaint and attached to a motion to dismiss may be considered if the material is central to the plaintiff's claim and its authenticity is not challenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Jackson v. City of Atlanta, Georgia, 97 F.4th 1343, 1350 (11th Cir. 2024). A district court may also consider an exhibit not mentioned in, nor attached to, a complaint if it is central to the plaintiff's claims and is undisputed in terms of

authenticity. <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

If the merits and jurisdiction issues are "intertwined", the Court may decide the jurisdictional and the substantive aspects of the motion together. <u>Brownback v. King</u>, 592 U.S. 209, 217 (2021).

**III.**

**A. Subject Matter Jurisdiction**

Defendant argues that the Third Amended Complaint is a "thinly veiled" attempt to "manufacture a legal avenue" to reverse and challenge his criminal conviction. (Doc. #78 at 5, 7.) Defendant notes that plaintiff entered into a plea agreement in 2008 to serve 5 years of sexual offender probation, and the information was amended to reflect a guilty plea under Fla. Stat. 800.04(6) for lewd or lascivious conduct with a person under 16 years of age. This resulted in being designated as a "sexual offender" after having been convicted under Fla. Stat. § 800.04(1)(h)(a)(I). The conviction was not directly appealed. (Doc. #78 at 2.) Plaintiff has filed numerous post-conviction cases in the years following, including cases related to his registration with Florida's Sex Offender Registry. (<u>Id.</u> at 3 n.3.) Defendant's position is that "although Count I is dressed as a constitutional challenge against §800.04(6) *itself* under the Due Process Clause of the Fourteenth Amendment, Count I actually challenges Plaintiff's *conviction* under §800.04(6)." (<u>Id.</u> at 7) (emphasis in original).

6

The Rooker-Feldman doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." Alvarez v. Att'y Gen. of Fla., 679 F.3d 1257, 1262 (11th Cir. 2012). Rooker-Feldman is "narrow and—surprisingly enough—quite simple. It bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" [] The injury must be caused by the judgment itself. Period." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021) (internal citations omitted). "It does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Efron v. Candelario, 110 F.4th 1229, 1235 (11th Cir. 2024) (quoting Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005))).

The Court finds that part of the Third Amended Complaint does attempt to challenge the validity of plaintiff's underlying criminal conviction under Fla. Stat. § 800.04. The Third Amended Complaint challenges the validity of "the Statute [Clements] was convicted under, FL.S. § 800.04(6). Also, the procedure used to convict Mr. Clements, one of Extrinsic Fraud is being challenged." (Doc. #75 at ¶ 3.) Plaintiff asserts that he is "without the

ability to bring a state habeas challenge ... as well as a federal habeas challenge ... So, alternatively, the court *may* construe this as a challenge to his 2008 conviction." (Id. at ¶4.) Plaintiff continues that "[t]he Statute of Conviction FL.S. § 800.04(6) . . . is unconstitutional." (Id. at ¶ 5.) Plaintiff asserts that because of this he "is entitled to go free." (Id.) Plaintiff also asserts that the State of Florida suppressed exculpatory evidence in his 2008 criminal case (id. at ¶ 8), conspired to conceal evidence (id. at ¶ 38), and that agents conspired to convict him under the unconstitutional statute (id. at 62).

Count One alleges that both Fla. Stat. § 800.04(6) and his conviction are unconstitutional because the conviction "was obtained through extrinsic fraud" (id. at ¶ 64) and Brady violations so the conviction is "void" (id. at ¶ 67). Plaintiff also alleges violation of his right against unconstitutional search and seizure during his arrests, which lacked probable cause. (Id. at ¶ 70.) Part of plaintiff's requested relief is an injunction barring the State of Florida from enforcing the conviction and the registration requirement. (Id. at p. 22.)

Plaintiff is clearly attempting to use this case to challenge and undermine his 2008 criminal conviction. It is also clear that under Rooker-Feldman this Court has no jurisdiction to consider such a challenge. Therefore, to the extent that the Third Amended

8

Complaint challenges plaintiff's 2008 state court conviction, it is dismissed without prejudice.

Defendant argues that the Court should dismiss the entire case on this ground, but the Court sees it differently. While a large part of plaintiff's Third Amended Complaint cannot be considered, there is a severable portion which attempts to assert a claim within the jurisdiction of the Court. Whether that claim is viable may be considered by the Court.

### B. Florida Sex Offender Registry and Statutes

Plaintiff's "constitutional claims against existing laws governing Florida's Sex Offender Registry" are foreclosed both by his prior litigation and by precedent. See Clements v. DeSantis, No. 4:23-CV-24-AW-MAF, 2023 WL 3727259, at *1 (N.D. Fla. May 12, 2023), aff'd sub nom. Clements v. Governor of Fla., No. 23-11731, 2024 WL 710607 (11th Cir. Feb. 21, 2024).

> The circuit courts that have considered this substantive due process argument regarding sex offender registries have upheld such registration and publication requirements finding no constitutional infirmities. See, e.g., Doe v. Tandeske, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam) ("Persons who have been convicted of serious sex offenses do not have a fundamental right to be free from...registration and notification requirements...."); Gunderson v. Hvass, 339 F.3d 639, 643 (8th Cir. 2003) (sex offender registration statute did not infringe the fundamental right to a presumption of innocence); Paul P. [v. Verniero, 170 F.3d 396, 404, 405 (3d Cir. 1999)] (holding that sex offender registration did not infringe

9

> fundamental right of family relationships, and although the registration of offenders home address invaded the fundamental right to privacy, the state had a compelling interest to prevent future sex offenses.

Doe v. Moore, 410 F.3d 1337, 1344 (11th Cir. 2005). The Eleventh Circuit joined other circuit courts in finding no fundamental right at issue and holding that the Sex Offender Act "is rationally related to a legitimate government interest." Id. at 1345-46. The Eleventh Circuit also considered Equal Protection Clause arguments and found that "Florida's various classifications and sub-classifications for sex offender registration are rationally related to a legitimate governmental purpose and, therefore, constitutional under the Equal Protection Clause." Id. at 1348.

Plaintiff's position about the marriage statistics for minors in Florida has also previously been raised and rejected.

> First, as to injury in fact, nowhere in Clements's operative complaint did he state how he met either of the statutory provisions that would have allowed him to marry a minor. He didn't indicate that the crime for which he pleaded guilty involved a minor who was at least 16 years old and had parental consent to marry. Nor did he allege that he had impregnated a minor under the age of 18 while he was over the age of 18. Because Clements didn't fit the statutory provisions, he cannot show he was injured by this section of the Florida statute. Additionally, even if he could have shown that he met the statutory factors, the contention that he could have married the victim is purely speculative, and so the alleged injury cannot meet the injury-in-fact standard. Trichell[ v. Midland Credit

> Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020)].
>
> Regarding redressability, Florida repealed § 741.0405 in 2018. This means that the district court could provide no redress to remedy any injury that might have been caused by the provision. It also couldn't provide redress for Clements's conviction or sentence because he challenged neither of those.

Clements v. Governor of Fla., No. 23-11731, 2024 WL 710607, at *2 (11th Cir. Feb. 21, 2024).

Accordingly, the claims set forth in the Third Amended Complaint fail to state a claim upon which relief may be granted to Clements. These claims in the Third Amended Complaint will therefore be dismissed with prejudice.

### C. Timeliness of § 1983 Claim

Alternatively, defendant seeks dismissal based on the statute of limitations. The statute of limitations applicable to Section 1983 claims extends to due process claims and starts to run when the law was enacted. Hillcrest Prop., LLC v. Pasco Cnty., 754 F.3d 1279, 1283 (11th Cir. 2014). "[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). Plaintiff was convicted in 2008, and he completed his probation in 2013. (Doc. #75 at ¶¶ 60-61.) The face of the Third Amended Complaint clearly

establishes that all his claims are untimely under the statute of limitations.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Third Amended Complaint (Doc. #78) is **GRANTED in part.**

2. The Third Amended Complaint is **dismissed without prejudice** as to those portions challenging plaintiff's 2008 conviction and is otherwise **dismissed with prejudice.**

3. The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record