UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                Case No: 2:24-cv-197-JES-NPM

MARK GLASS, in his official
capacity as Commissioner of
FDLE,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of "Plaintiffs' Emergency 60b Motion for Relief Temporary Restraining Order and Permanent Injunction" (Doc. #90) filed on December 30, 2025, by Plaintiff Louis Matthew Clements ("Clements"). Clements seeks reconsideration of the Court's April 8, 2025, Order (Doc. #87) dismissing the underlying action without prejudice as to those portions challenging Clements's 2008 conviction of lewd and lascivious conduct with a minor female in violation of Fla. Stat. § 800.04(6) and otherwise dismissing Clements's claims for relief with prejudice. Pertinently, as a result of his 2008 conviction, Clements was and continues to be subject to the lifetime requirement of registration and residency restrictions as a sex offender. According to Clements, he "is scheduled to register by

the end of this month." Accordingly, he asks the Court to issue "[a]n immediate temporary restraining order followed by a permanent injunction barring the state from forcing [his] registration on the [Florida Sex Offender R]egistry[,]" because the Court's dismissal Order was in error.[1]  (Doc. #90, p. 2.)

The standard for obtaining a temporary restraining order is identical to that of obtaining a preliminary injunction. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001); Windsor v. United States, 379 F. App'x 912, 916-17 (11th Cir. 2010). A party seeking injunctive relief must establish that "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction or stay issues, (3) the injunction or stay would not substantially harm the other litigant, and (4) if issued, the injunction or stay would not be adverse to the public interest." Barber v. Governor

---

[1] The Court notes that despite Clements's assertion that emergency relief is warranted since he is scheduled to register at the end of the month, the Dismissal Order (Doc. #87) for which Clements now seeks reconsideration was entered in April 2025 (approximately eight months preceding the instant Motion).  Federal Courts generally disfavor "manufactured emergencies" wherein a party waits until the eleventh hour to request injunctive relief. See Bravado Intern. Group Merch. Services, Inc. v. Smith, No. 8:12-CV-613-T-23EAJ, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012); Plant v. Does, 19 F.Supp.2d 1316, 1318 (S.D.Fla.1998); Brockum Int'l, Inc. v. Various John Does, 551 F.Supp. 1054, 1055 (E.D.Wis.1982).

of Alabama, 73 F.4th 1306, 1317 (11th Cir. 2023), cert. denied sub nom. Barber v. Ivey, 143 S. Ct. 2545 (2023) (quoting Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271, 1273 (11th Cir. 2014)). "A preliminary injunction is an 'extraordinary and drastic remedy,' and [Plaintiff] bears the 'burden of persuasion' to clearly establish all four of these prerequisites." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (citation omitted).

To the extent the Court construes Clements' Motion as a request for emergency relief, Clements has failed to clearly plead any of the requisite elements. Because such failure is fatal to any request for an injunction, it is apparent Clements has not met his burden to issue the Temporary Restraining Order. In any event, the Court finds no emergency articulated by Clements that would warrant relief before an opportunity to respond. Clements's Motion for Reconsideration will remain under advisement pending a response.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion (Doc. #90) is **denied** insofar as he requests injunctive relief.
2. Plaintiff's Motion (Doc. #90) is **taken under advisement** pending an opportunity to respond insofar as he requests

reconsideration of the April 8, 2025 Order (Doc. #87) dismissing the underlying action.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of December 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

4