UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                                  Case No:  2:24-cv-197-JES-NPM

MARK GLASS, in his official
capacity as Commissioner of
FDLE,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion for Reconsideration (Doc. #90) filed on December 30, 2025 by Plaintiff Louis Matthew Clements ("Clements").  Defendant Mark Glass, in his official capacity as Commissioner of FDLE ("Glass") filed a Response in Opposition (Doc. #92) on January 14, 2026.  On January 28, 2026, Clements filed a Reply (Doc. #93.)  For the reasons set forth below, Clements's motion is denied.

**I.**

Clements requests that the Court vacate its Order (Doc. #87) dismissing his case challenging the constitutionality of three Florida statutes: Fla. Stat. § 943.0435 (requiring sex offenders to register with the department of law enforcement), Fla. Stat § 775.21 (the Florida Sexual Predators Act or "FSPA"), and Fla. Stat.

§ 800.04(6) (making lewd and lascivious offenses committed in the presence of persons less than 16 years of age a felony criminal offense).

Under Federal Rule of Civil Procedure 60(b), a party can seek relief from a final judgment based on these six specific grounds: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) instances of fraud; (4) void judgment; (5) discharged judgment; and (6) "any other reason that justifies relief." Crystal v. Sec'y, Florida Dep't of Corr., No. 23-12326, 2025 WL 2406194, at *3 (11th Cir. Aug. 20, 2025) (quoting Fed. R. Civ. P. 60(b)).  A motion made pursuant to Rule 60(b) will succeed "only for extraordinary circumstances."  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000).

In his Motion, Clements contends that the Court should grant him extraordinary relief from the judgment based on two specific provisions of Rule 60(b):  First, he seeks relief pursuant to Rule 60(b)(3), claiming that the previous litigation in the Northern District of Florida — which the Court referenced in its ruling — involved fraudulent activity.  Clements also seeks relief pursuant to Rule 60(b)(1), arguing that the Court's Order was flawed because it failed to consider or address certain of his arguments. (Doc. #90 at p. 3.)

As a prefatory matter, the parties dispute whether the motion for reconsideration was filed in a timely manner.  In his Response to Clements's Motion for Reconsideration, Glass argues that the reconsideration motion is untimely, since Clements is seeking relief from an Order of Dismissal issued nearly eight months prior. (Doc. #92 at 5.)  Clements replies that his motion is not untimely because a separate habeas proceeding – which relied on the instant dismissal order – forced him to "refocus his efforts in the instant case."  (Doc. #93 at 2.)  Under Federal Rule of Civil Procedure 60(c), motions for relief must be submitted within a "reasonable time." Fed. R. Civ. P. 60(c).  For claims involving mistake, new evidence, or fraud — specifically those under Rule 60(b)(1) and (3) — there is a strict one-year deadline following the judgment. See Kemp v. United States, 596 U.S. 528, 533 (2022).  Because Clements filed his motion within this one-year window, the Court is satisfied that the filing meets the necessary timeliness requirements.

Proceeding to the merits of the reconsideration motion, Glass next argues that Clements is simply trying to relitigate issues — such as his constitutional challenges to the sex offender registry — that the Court has already addressed and decided.  (Doc. #92 at p. 6.)  Clements replies that he is not attempting to rehash or relitigate old claims in the instant reconsideration motion.

3

Instead, according to Clements, the Court clearly erred in referencing a decision from previous litigation in the United States District Court for the Northern District of Florida because (1) that decision was rooted in fraud, (2) he presented new evidence and/or defenses in the instant case – marriage statistics from the Florida Department of health – that were not considered in the Northern District case, and (3) the claims in the Northern District case were not ripe for final judgment. (Doc. #93 at pp. 4-7.)

To the extent Clements asserts any fraudulent conduct in its sister district, the Court finds this argument entirely unpersuasive and an insufficient basis for relief. In any event, Clements mischaracterizes the foundation of the Court's prior ruling. In addressing Clements's position about marriage statistics for minors, the Court did not rely upon the allegedly fraudulent Northern District proceedings, but rather upon the Eleventh Circuit's decision affirming that case in <u>Clements v. Governor of Fla.</u>, No. 23-11731, 2024 WL 710607, at *2 (11th Cir. Feb. 21, 2024). (<u>See</u> Doc. #87 at p. 11.) That the Court referenced the purportedly fraudulent Northern District case earlier in its Order has no bearing on Eleventh Circuit caselaw with regard to Clements's claim.

4

Reconsideration of a previous order is an extraordinary remedy intended to be employed sparingly. M.G. v. St. Lucie County Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014). Upon review, it is evident that Clements has failed to clear this high bar. His motion offers no newly discovered evidence or mistakes of law but rather seeks to relitigate issues already scrutinized and decided by this Court. Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Reconsideration (Doc. #90) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of April 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

5