UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                                    Case No:  2:24-cv-197-JES-NPM

MARK GLASS, in his official
capacity as Commissioner of
FDLE,

      Defendant.

_____

**ORDER**

This matter comes before the Court on review of the Motion for Reconsideration (Doc. #95) filed by Plaintiff Louis Matthew Clements ("Plaintiff" or "Clements") on April 20, 2026.  Defendant Mark Glass ("Defendant") filed a Response in Opposition (Doc. #100) on May 4, 2026.  For the reasons set forth below, Plaintiff's Motion will be denied.

**I.**

Clements first brought suit against Defendant on March 13, 2024 (Doc. #1) challenging the constitutionality of three Florida statutes:  Fla. Stat. § 943.0435 (requiring sex offenders to register with the department of law enforcement), Fla. Stat § 775.21 (the Florida Sexual Predators Act or "FSPA"), and Fla. Stat.

§ 800.04(6) (making lewd and lascivious offenses committed in the presence of persons less than 16 years of age a felony criminal offense).  The Court entered an Order dismissing the case and directing the Clerk to enter judgment against Clements and close the file on April 8, 2025.  (Doc. #87.)  On December 30, 2025, Plaintiff moved for reconsideration of that Order under Rules 60(b)(1) and 60(b)(3), asserting mistake and fraud, respectively. (Doc. #90.)  The Court denied that motion on April 2, 2026, concluding that Plaintiff failed to demonstrate any error in the dismissal order or establish that previous litigation from the Northern District of Florida referenced by the Court therein was fraudulent.  (Doc. #94.)

Now, Plaintiff seeks reconsideration of the Court's Order denying relief, asserting that (1) the Court set too high a bar for relief, (2) the Court erroneously relied on the fraudulent Northern District case even though "res judicata does not apply to the instant case", and (3) the Court failed to address certain issues raised previously by Clements without reliance on the Northern District case.  (Doc. #95 at pp. 3-6.)  Plaintiff further asserts that the Court "continues to hold [him] to a higher standard than that of attorneys."  (Doc. #95 at p. 6.)  According to Plaintiff, this is evinced by the Court's denial of his first attempt to seek another bite of the apple for failure to include

a proper certificate of conferral pursuant to Local Rule 3.01(g). The Court will address each of Plaintiff's arguments in turn.

Plaintiff first argues the Court erred by applying the "extraordinary circumstances" standard to his claims. He contends that because his initial request for reconsideration relied specifically on Rules 60(b)(1) and 60(b)(3), the higher "extraordinary circumstances" bar — which is reserved for the Rule 60(b)(6) catchall provision — is inapplicable. (Doc. #95 at p. 3.) Federal Rule of Civil Procedure 60(b) outlines "the circumstances under which a party may obtain relief from a final judgment." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.

In his initial Motion for Reconsideration, Plaintiff alleged error under Rule 60(b)(1), claiming the Court's dismissal order failed to address certain defenses concerning Florida Department of Health marriage statistics. Plaintiff argued that the dismissal was improperly based on the Court's "reliance" on allegedly fraudulent litigation from the Northern District of Florida. (Doc. #90 at pp. 4-6.) Plaintiff now asserts the Court erred again by failing to consider this "new evidence." (Doc. #95 at pp. 4-5.) However, as previously stated, the Court did not rely on the Northern District proceedings in its dismissal. Rather, the Court

applied binding precedent from the Eleventh Circuit, including its holding that the Sex Offender Act and its classifications are rationally related to a legitimate government interest, satisfying both Due Process and Equal Protection requirements. See Doe v. Moore, 410 F.3d 1337, 1344-1348 (11th Cir. 2005). Thus, the Court determined that it made no mistake in evaluating Plaintiff's claims. (Doc. #94 at pp. 3-4.) Plaintiff's ongoing disagreement with the Court's application of binding precedent does not render his successive motions for reconsideration an appropriate vehicle for relief.

Insofar as Plaintiff asserted error pursuant to Rule 60(b)(3) in his first reconsideration motion, the Court concluded that "[t]o the extent Clements asserts any fraudulent conduct in its sister district, the Court finds this argument entirely unpersuasive and an insufficient basis for relief." (Doc. #94 at p. 4.) Having reconsidered Plaintiff's arguments, the Court remains convinced that his allegations of fraud provide an insufficient basis for relief. As previously noted, the Court did not rely on the Northern District litigation in its original dismissal order, nor did it do so in denying the subsequent request for reconsideration.

In sum, the Court has already carefully considered the grounds under which Plaintiff seeks relief pursuant to the standard for reversal under Rule 60(b)(1) (mistake) and Rule 60(b)(3) (fraud)

-4-

and found them insufficient to justify reversal of the April 8, 2025 Order granting, in part, Defendant's Motion to Dismiss and directing the clerk to enter judgment and close the file. (See Doc. #94.)

To maintain "order and predictability in the judicial process," courts in this Circuit are directed to exercise great caution before reopening final judgments. Griffin, 722 F.2d at 680. Without new arguments falling under the six specific grounds for relief in Rule 60(b), Plaintiff's case will remain closed. The Court's adherence to these standards is not an attempt to penalize a pro se litigant, as Clements asserts, but rather a necessary application of established Eleventh Circuit legal principles. Accordingly, because Plaintiff has failed to present a sufficient legal basis to disturb the finality of the Court's previous rulings, the instant Motion for Reconsideration (Doc. #95) is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Reconsider (Doc. #95) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of May 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record