UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

       Plaintiff,

v.                                    Case No:  2:24-cv-197-JES-NPM

MARK GLASS, in his official
capacity as Commissioner of
FDLE,

       Defendant.

---

**ORDER**

This matter comes before the Court on review of the Emergency Motion for Injunction Pending Appeal (Doc. #107) filed by Plaintiff on June 22, 2026.  Plaintiff first brought suit against Defendant on March 13, 2024 (Doc. #1) challenging the constitutionality of Florida's sex offender registration scheme.[1] The Court entered an Order dismissing the case on April 8, 2025, (Doc. #87), to which Plaintiff filed three Motions for Reconsideration on December 30, 2025 (Doc. #90), April 8, 2026 (Doc. #95), and April 20, 2026 (Doc.

---

[1] Specifically, Plaintiff challenged three Florida statutes: Fla. Stat. § 943.0435 (requiring sex offenders to register with the department of law enforcement), Fla. Stat § 775.21 (the Florida Sexual Predators Act or "FSPA"), and Fla. Stat. 2 § 800.04(6) (making lewd and lascivious offenses committed in the presence of persons less than 16 years of age a felony criminal offense).

#98).  On May 7, 2026, Plaintiff filed a Notice of Appeal (Doc. #102) from two Orders: (1) the Court's April 2, 2026 Opinion and Order (Doc. #94) denying reconsideration based on mistake and fraud, and (2) the Court's May 6, 2026 Order (Doc. #101) denying reconsideration.  In the instant Motion, Plaintiff asks the Court to "enjoin[] Defendants from further enforcing the Florida Sex Offender Registration Statutes or Fla. Stat. § 943.0435 . . ." pending that appeal.  (Doc. #107 at p. 2.)

"Subject to exceptions not relevant here, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (quoting United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir.1995)).  See also Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001)(noting that "as a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal.")  Following the filing of his Notice of Appeal on May 7, 2026, the Court lost jurisdiction over the aspects of Plaintiff's case which are the subject of that appeal – including his obligations related to Florida's sex-offender registry.

Accordingly, it is now

**ORDERED:**

Plaintiff's Emergency Motion for Injunction Pending Appeal (Doc. #107) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record